# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| In re:<br>Edwina Shunville Brown,<br><br>Debtor | Case No.: 24-30302 |
| In re:<br>Edwina Shunville Brown,<br><br>Plaintiff<br><br>v.<br><br>Credit Acceptance Corporation,<br><br>Defendant | Adversary No.: |

## COMPLAINT

COMES NOW, Edwina Shunville Brown, the Debtor and Plaintiff herein ("Brown" and "Plaintiff") and files this Complaint against Credit Acceptance Corporation, and in support thereof would show the Court the following:

## PARTIES

1. Plaintiff is the Debtor in this Chapter 7 proceeding. This Chapter 7 proceeding was commenced on February 10, 2024.

2. Credit Acceptance Corporation is a foreign corporation incorporated under the laws of the State of Michigan, qualified to do business in Alabama and has a registered office and agent located c/o Corporation Service Company, Inc., 641 South Lawrence Street, Montgomery, AL 36104.

**JURISDICTION**

3. This Court has subject matter jurisdiction over the claims asserted in this case pursuant to 28 U.S.C. § 1334, because the claims of the Plaintiff are claims "arising under title 11" and are claims "arising in or related to" a case under Title 11, United States Code, 11 U.S.C. § 101 *et. seq.* Pursuant to 11 U.S.C. § 1334(c), this Court has exclusive jurisdiction of the property, wherever located, of the Debtor as of the commencement of the bankruptcy case and of property of the Debtor's estate.

4. This case arises in or is related to a case under the Bankruptcy Code. First, under 11 U.S.C. § 541, all property of the Debtor as of the petition date, becomes part of the estate; the Debtor's property includes claims and choses in action. Under 11 U.S.C. § 522(h), the Debtor has the rights and powers to avoid an involuntary transfer of property where the property was not concealed and was claimed as an exempt asset in these proceedings.

# VENUE

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1409 as a proceeding arising under Title 11 or arising in or related to a case under Title 11. The venue of these proceedings is appropriate in this District because this is the district in which the Debtors' bankruptcy case is pending.

# FACTUAL ALLEGATIONS

6. On or about February 20, 2015, Credit Acceptance Corporation obtained a judgment in the amount of $27,613.00 against Edwina Brown in an action filed in the District Court of Montgomery County, Alabama and styled *Credit Acceptance Corporation vs. Edwina Brown*, Civil Action No. 03-DV-2014-903446.00.

7. After entry of the above-identified judgment, Credit Acceptance Corporation caused garnishment proceedings to issue to Edwina Brown's employer – Loomis. Upon information and belief, Loomis has withheld funds from Ms. Brown's wages from 2023 until immediately before the commencement of the Debtor's Chapter 7 proceeding.

8. Based upon the Debtor's review of her pay stubs, in the 90 days prior to the commencement of the Chapter 7 proceedings the total sum of $3,344.86 was

withheld from Ms. Brown's wages and remitted to the Credit Acceptance Corporation.

9. Debtor disclosed in her Amended Schedule A/B Property at Question 33 her chose in action of the potential preference recovery against Credit Acceptance Corporation in the amount of $3,344.86.

10. Debtor claimed in her Amended Schedule C an exemption in her chose in action of the potential preference recovery against Credit Acceptance Corporation in the amount of $3,344.86.

## CAUSE OF ACTION
## PREFERENTIAL TRANSFER UNDER 11 U.S.C. §§ 547 and 522(h)

11. Pursuant to 11 U.S.C. § 547(b), the Chapter 7 proceeding the Trustee may avoid any transfer of an interest of the debtors in property.

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made

(A) within 90 days before the filing of the petition, or

(B) made within one year before the date of the filing of the petition, if such creditor at the time of the transfer was an insider, and

(5) that payment enables such creditor to receive more than such creditor would if.

(A) the case were a case under Chapter 7 of this title;

(B) the transfer had not been made, and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

12. Pursuant to 11 U.S.C. § 522(h) the Debtor may avoid the transfer and recover the garnishment funds paid to Credit Acceptance Corporation within 90 days before the filing of the petition to the extent that the debtor could have exempted such property, and the Trustee does not attempt to avoid such transfer.

13. The garnishment funds in the amount of $3,344.86 were paid over for the benefit of creditor Credit Acceptance Corporation.

14. The garnishment funds in the amount of $3,344.86 were paid over to Credit Acceptance Corporation while the Debtor was insolvent.

15. The garnishment funds in the amount of $3,344.86 were paid over to Credit Acceptance Corporation within ninety (90) days before the petition date in the Debtor's case.

16. The transfers of the garnishment funds in the amount of $3,344.86 enabled Credit Acceptance Corporation to receive more than such creditor would receive if – (1) the case was administered under Chapter 7 of the Bankruptcy Code;

(2) the transfer had not been made; and (3) such creditor received payment of such debt to the extent provided by the provisions of this title.

17. The transfer of the garnishment funds to Credit Acceptance Corporation was not a voluntary transfer.

18. Debtor did not conceal the asset consisting of her chose in action in the potential preference recovery against Credit Acceptance Corporation.

19. Debtor has claimed an exemption in her chose in action consisting of the potential preference recovery against Credit Acceptance Corporation.

20. The garnishment funds in the amount of $3,344.86 paid over to Credit Acceptance Corporation within 90 days prior to the filing of Debtor's petition constitute preferential transfers that the Trustee and/or Debtor may avoid.

WHEREFORE, THE PREMISES CONSIDERED, the Debtor requests that the Court enter judgment against the Defendant as follows:

(1) set aside the preferential transfers from the Debtor to the Defendant Credit Acceptance Corporation;

(2) Order the Defendant to disgorge and turn over to Debtor the monies paid to the Defendant as described herein;

(3) Enter Judgment against the Defendant for an amount to be determined by the Court;

(4) Award pre-judgment interest as allowed by law; award post-judgment interest at the highest prevailing legal rate from date of judgment until paid; award all costs of court and reasonable attorney's fees;

(5) And for such other relief, at law or equity, to which the Debtor may be justly entitled.

Respectfully submitted,

/s/ William H. Harris
William H. Harris, Esq.
Attorney for Debtor
Recovery Law Group
2100 South Bridge Parkway
Suite 650
Birmingham, AL 35209
wharris@recoverylawgroup.com
(978) 204-1202